Jeff Carruth
Texas State Bar No. 24001846
**Reed & Elmquist, P.C.**
604 Water Street
Waxahachie, TX 75165
(972) 938-7334
(972) 923-0430 (fax)

COUNSEL FOR THE REORGANIZED DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JOHNSON CHAPEL COMMUNITY | § | CASE NO. 08-34462-BJH-11 |
| CHURCH, INC., | § | (Chapter 11) |
| | § | **Hearing set for: November 25, 2009** |
| Reorganized Debtor. | § | **at 1:15 p.m.** |

**COVER SHEET FOR**
**FIRST AND FINAL APPLICATION OF REED & ELMQUIST, P.C.**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

First and Final Application of Reed & Elmquist, P.C. ("Applicant" or "R&E"), counsel for the Debtor and Debtor-in-Possession, for the time period of March 27, 2009 through September 21, 2009.

| | | | |
|---|---|---|---|
| Retainer Received: | None | Amount Previously Paid: | $0.00 |
| **Amount Requested:** | | **Reductions:** | |
| Fees: | $11,260.00 | Vol. Fee Reductions: | $2,807.50 |
| Expenses: | $1,147.88 | Expense Reductions: | $0.00 |
| Other: | 0.00 | **Total Reductions:** | $2,807.50 |
| **Total:** | $12,407.88 | | |
| **Expenses:** | | | |
| Copies per page: | $.20 | WestLaw/Lexis: | $0.00 |
| Faxes per page: | $0.00 | Other (specify): | See Exhibit A to Fee Application |

| **Hourly Rates:** | Attorneys | Paralegals |
|---|---|---|
| Highest Rates: | $300.00 | $150.00 |
| Hours Billed: | 40.5 | 19.2 |
| Average: | $234.07 | $92.71 |

Dated: October 21, 2009.

**REED & ELMQUIST, P.C.**
604 Water Street
Waxahachie, TX 75165
(469) 483-0218
(972) 923-0430 (fax)

By: *\/s/ Jeff Carruth*
Jeff Carruth – SBT #24001846

**COUNSEL FOR THE REORGANIZED DEBTOR**

Jeff Carruth
Texas State Bar No. 24001846
**Reed & Elmquist, P.C.**
604 Water Street
Waxahachie, TX 75165
(469) 483-0218
(972) 923-0430 (fax)

COUNSEL FOR THE REORGANIZED DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JOHNSON CHAPEL COMMUNITY | § | CASE NO. 08-34462-BJH-11 |
| CHURCH, INC., | § | (Chapter 11) |
| | § | **Hearing set for: November 25, 2009** |
| Reorganized Debtor. | § | **at 1:15 p.m.** |

**FIRST AND FINAL APPLICATION OF REED & ELMQUIST, P.C.
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET - ROOM 1254, DALLAS, TX 75242-1496, ON OR BEFORE 5:00 O'CLOCK P.M. ON NOVEMBER 10, 2009 WHICH IS AT LEAST TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH ABOVE. THE COURT WILL HOLD A HEARING ON THE MOTION AT THE DATE AND TIME LISTED ABOVE AT THE EARLE CABELL BUILDING, UNITED STATES COURTHOUSE, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM #2, DALLAS, TEXAS 75242-1496.**

**IF NO HEARING ON THE APPLICATION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

REED & ELMQUIST, P.C. ("Applicant" or "R&E") files the following *First and Final Application of Reed & Elmquist, P.C. For Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor and Debtor-In-Possession* (the "Application"), as counsel for Johnson Chapel Community Church, Inc. (the "Debtor" or "JCCC"), for the period of March 27, 2009 through September 21, 2009, and in support thereof would respectfully show the following.

**I. Jurisdiction and Venue**

1. The Court has jurisdiction to consider the relief requested herein under 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. This Application relates to the administration of the Debtor's bankruptcy estate. It is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1409.

**II. Factual and Procedural Background**

2. On September 2, 2008, the Debtor commenced this case (the “Bankruptcy Case”) by filing its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. The Court entered an order confirming the Debtor's Chapter 11 plan on August 10, 2009 (Docket No. 76).

4. The Curtis Law Firm, P.C. ("TCLF") was employed as counsel for the Debtor pursuant to an order entered on November 14, 2008 (Docket No. 27). The Debtor’s retention of TCLF was effective *nunc pro tunc* to September 2, 2008.

5. Jeff Carruth ("Carruth") was assigned by TCLF as the primary attorney responsible for representation of the Debtor in this Bankruptcy Case.

6. Carruth became affiliated with R&E on March 27, 2009. On May 19, 2009, the Court entered an order approving the substitution of counsel (Docket No. 58), and on June 29, 2009, the Court entered an order approving the Debtor's retention of R&E *nunc pro tunc* to March 27, 2009 (Docket No. 65).

7. R&E holds no funds in retainer from the Debtor at this time.

**III. Background of the Case.**

8. The Debtor's primary creditor in this Bankruptcy Case is Foundation Capital Resources Corp. ("Foundation"). Foundation holds a first lien against the real property and improvements at 1400 N. Hampton Road, Desoto, Texas 75115 on which property the Debtor's church facility sits (the "JCCC Hampton Road Location"). Foundation posted the JCCC Hamption Road Location for a substitute trustee's foreclosure sale in September, 2008, which event precipitated the Debtor's bankruptcy filing.

9. Foundation filed a proof of claim in the case in the amount of $2,721,009 (Proof of Claim No. 4).[1]

10. The initial task undertaken by R&E was the completion of the Debtor's proposed disclosure statement and plan during April and May, 2009, which process included the completion of negotiations with Foundation regarding the treatment of the Foundation claim. After several weeks of negotiation, the Debtor and Foundation reached an agreement regarding the treatment of the Foundation claim, which treatment is included in Debtor's Chapter 11 plan confirmed on August 10, 2009 (Docket No. 76).

---

[1] Another aspect of dealing with the claim of Foundation Capital was the preparation and recordation of a rescission deed to reverse the purported sale of the JCCC Hampton Road Location in September, 2009.

11. Another important task undertaken by R&E was achieving a positive resolution of the exemption from ad valorem local property taxes of the JCCC Hampton Road Location under the Debtor's status as a religious organization under Texas law through negotiations with the Dallas Central Appraisal District ("DCAD"). In fact, the JCCC Hampton Road Location had never appeared as exempt in DCAD's records since the Debtor acquired the JCCC Hampton Road Location in May, 2007, in spite of the fact that the Debtor had acquired the property from another church. The Debtor's trustees (in other words, the management of the church) pursued the exemption from DCAD, and in May, 2009 DCAD issued the Debtor a denial of exemption and notice of right to appeal.

12. Over the course of June and July, 2009, R&E communicated with the exemption department at DCAD and resolved the exemption in the Debtor's favor without the necessity for filing an appeal or seeking any kind of a hearing. Through such efforts, the Debtor eliminated ad valorem tax claims in the aggregate minimum amount of $37,810.41 as shown in **Figure 1** below.

| **Ad Valorem Tax Savings** | | |
|---|---|---|
| | | |
| Dallas County | Proof of Claim No. 5 (Portion for JCCC Hampton Road Location) | $16,994.31 |
| De Soto ISD | Proof of Claim No. 6 | $14,224.50 |
| City of De Soto | Proof of Claim No. 7 | $6,591.60 |
| | | |
| | **TOTAL** | **$37,810.41** |

## IV. Summary of Services Performed

13. This Application seeks final allowance for all professional services rendered and expenses incurred by R&E from March 27, 2009 through and including September 21, 2009 (the "Application Period").

## V. Description of Services

14. During the Application Period, R&E attorneys and paralegals spent 59.70 hours providing legal and paralegal services to the Debtor. **Exhibit A** contains: (i) the names of the R&E attorney or paralegal who performed these services, (ii) their respective hourly billing rates, and (iii) detailed daily descriptions of the services performed for each of the project categories discussed below. **Exhibit A** also identifies the persons who performed the services and specifies the amount of time spent completing each task. The services described on **Exhibit A** are separated into the following four project categories:

(a) Asset Disposition. This project category primarily includes legal and paralegal services performed for the Debtor in connection with the Debtor's attempted sale of vacant land commonly referred to in this Bankruptcy Case as the Lancaster Property.

During the Application Period, 0.10 hours of legal and paralegal services were rendered in this project category. At standard hourly rates, the fees in this project category total $30.00, which is the amount R&E is requesting.

(b) Business Operations. This project category includes legal and paralegal services primarily relating to how the Debtor addresses operational issues (e.g., what the

Debtor can and cannot do, what the Debtor should or should not pay) during the pendency of a Chapter 11 case.

During the Application Period, 0.4 hours[2] of legal and paralegal services were rendered in this project category, for which R&E seeks no compensation.

(c) Claims Administration and Objections. This project category includes legal and paralegal services primarily relating to tseeking the religious organization exemption for the JCCC Hampton Road Location and the claim objections filed in September, 2009 against the ad valorem tax entities which still showed balances owing for the JCCC Hampton Road Location more than 45 days after DCAD declared the JCCC Hampton Road Location to be exempt.

During the Application Period, 5.4 hours of legal and paralegal services were rendered in this project category. At standard hourly rates, the fees in this project category total $1,215.00, which is the amount R&E is requesting.[3]

(d) Fee and Employment Applications. This project category includes legal and paralegal services relating to preparation of R&E's retention. As a result of the change of firms of the lead counsel on this bankruptcy case necessitating a new retention application, R&E incurred 2.0 hours at no charge to the Debtor for this category.

(e) General Administrative Matters. This project category includes legal and paralegal services relating to various administrative tasks, including general communications with creditors, operating reports, and service lists.

[2] The correct total which should appear in the bill is 0.7 hours.
[3] The claims objections are scheduled to be heard on October 28, 2009. The Debtor believes that agreed orders will be entered.

During the Application Period, 9.8 hours of legal and paralegal services were rendered in this project category. At standard hourly rates, the fees in this project category total $380.00, which is the amount R&E is requesting.[4]

(f) Plan and Disclosure Statement. This project category includes the negotiating and preparation of the Debtor's disclosure statement and plan, addressing objections to confirmation (and particularly the objections of the ad valroem tax entities to language in the plan), soliciting acceptances for the plan, the confirmation hearing, and the confirmation order (and particularly the specific language requested by the ad valorem tax entities with respect to a perceived uncertainty in the effectiveness of the religious organization exemption for the JCCC Hampton Road Location and the need to separately treat the remaining property taxes on the non-exempt Lancaster Property). This category includes the bulk of the negotiations with Foundation concerning its treatment, as wells as revisions to the disclosure statement relating specifically to the Debtor's transition out of bankruptcy as a non-profit corporation.

During the Application Period, 42.00 hours of legal and paralegal services were rendered in this project category. At standard hourly rates, the fees in this project category total $9,635.00, which is the amount R&E is requesting.

## VI. Reimbursement of Expenses

15. R&E is seeking allowance and payment of expenses incurred in the amount of $1,147.88 **Exhibit A** contains an itemized listing by expense category of various out-of-pocket

[4] The fee statement Exhibit A incorrectly includes a $50.00 charge for confirmation hearing exhibit preparation in this category.

and third party expenses incurred by R&E during the Application Period. These expenses include reproduction costs, postage and mailing costs, delivery charges, and PACER charges. All of these expenses represent advances made by R&E or actual costs incurred by R&E in connection with the legal services provided to the Debtor. There are no additional charges added to R&E's internal costs.

**VII. Standards for Allowance of Fees and Expenses**

16. The award of compensation to professionals is specifically authorized under Bankruptcy Code §§ 330 and 331. As more fully stated below, R&E submits that the elements governing awards of compensation pursuant to Bankruptcy Code §§ 330 and 331 justify the allowance of the fees and expenses sought herein.

17. In 1974, the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), established a set of guidelines for use by lower courts when ruling on attorneys' fee requests. Those factors the *Johnson* court found necessary for a trial court to consider were:

(a) the time and labor required;

(b) the novelty and difficulty of the questions presented;

(c) the skill requisite to perform the legal services properly;

(d) the preclusion of other employment due to the acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client with the circumstances of the case;

(h) the amount involved and the results obtained;

(i) the experience, reputation and ability of the attorney;

(j) the undesirability of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Id*. at 717-19.

18. The guidelines set forth in *Johnson* were made applicable to fee awards in bankruptcy cases by the Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

19. Under an analysis utilizing the *Johnson* factors as set forth above and the standards customarily applied to fee awards under Bankruptcy Code §§ 330 and 331, R&E believes that the request for compensation and reimbursement of expenses in the amounts set forth herein is reasonable and proper, and that such request should be allowed in the amount requested.

**VIII. Presentation of the *Johnson* Factors**

20. Time and Labor Required. R&E has expended 59.70 hours in the representation of the Debtor during the Application Period. **Exhibit A** details the nature and extent of legal services rendered by R&E for and on behalf of the Debtor. All of the time spent was necessary and appropriate for performing the tasks and legal services for and on behalf of the Debtor.

21. Skill Requisite to Perform Services Properly. R&E was employed as the Debtor's counsel because of R&E's expertise in the areas of bankruptcy and creditors' rights and familiarity with the Debtor's case as a result of the representation of the Debtor by the undersigned attorney while he practiced at The Curtis Law Firm, P.C. The experience and

expertise of the undersigned attorney helped the Debtor more effectively perform its duties and to achieve the desired results in a cost effective manner.

22. Preclusion of Other Employment. The time invested by the undersigned R&E attorney necessarily limited to some degree his ability to dedicate time to other substantive legal matters handled by him, which had to be delayed or, if performed, performed under increased time constraints.

23. Customary Fee. R&E would demonstrate that the hourly rates charged for the services performed are the customary rates regularly charged by R&E in other cases and are consistent with the usual and customary charges of other professionals and paralegals with similar degrees of skill and expertise in the Northern District of Texas.

24. Whether the Fee is Fixed or Contingent. R&E does not hold a retainer in this Bankruptcy Case. The fees requested in this Application do not represent a contingent fee arrangement. R&E's compensation is contingent upon the Court's approval of this Application and the availability of funds of the Reorganized Debtor to pay the allowed fees and expenses.

25. Time Limitations. Some time limitations were present in connection with this case in terms of concluding the Chapter 11 plan process in the last 90 days prior to confirmation.

26. Amounts Involved and Results Obtained. R&E successfully restructured the Foundation debt of $2,721,009 according to terms which suited the capacity of the Debtor to service the indebtedness over the duration of the Plan. R&E also resolved the religious exemption issue pertaining to the JCCC Hampton Road Location which dated back to 2007 and saved the Debtor at least $37,810.41 in tax payments, as shown in Figure 1 above.

27. Experience, Reputation, and Ability of R&E. The undersigned attorney performing services for the Debtor in this Bankruptcy Case enjoys an excellent reputation in the legal community for his professional skills and integrity.

28. Undesirability of the Case. There were no undesirable aspects to this Bankruptcy Case and this representation.

29. Awards in Similar Cases. The fees for which R&E seeks compensation and reimbursement are not excessive, but are commensurate with or below the compensation sought and awarded in similar cases in this district for similar services rendered and results obtained. After taking into consideration the time and labor expended, the nature and extent of the representation, and the relative complexity of this proceeding, R&E believes the compensation requested is very reasonable.

## IX. Miscellaneous Matters

30. Voluntary Reductions. The application also includes $2,807.50 in voluntary fee reductions.

31. Fee Sharing. In compliance with the provisions of Bankruptcy Rule 2016(a), R&E has not shared or agreed to share with any other entity or law firm the compensation requested herein, except to the extent that the funds received may be shared by the shareholders at R&E. All services for which compensation is requested were performed for and on behalf of the Debtor and not on behalf of any other entity or party in interest.

## X. Prayer

WHEREFORE, R&E requests that this Court (i) allow R&E final compensation in the voluntarily reduced amount of $11,260.00 and reimbursement of expenses in the amount of

$1,147.88 incurred during the Application Period; (ii) authorize and direct the Debtor to pay such fees and expenses to R&E; and (iii) grant such other and further relief to which R&E may be justly entitled.

Dated: October 21, 2009

Respectfully submitted,

**REED & ELMQUIST, P.C.**
604 Water Street
Waxahachie, Texas 75165
Telephone: (469) 483-0218
Facsimile: (972) 923-0430
*jcarruth@bcylawyers.com*

By: /s/ Jeff Carruth
Jeff Carruth
Texas State Bar No. 24001846

**COUNSEL FOR THE REORGANIZED DEBTOR**

**CERTIFICATION PURSUANT TO THE GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS**

I, Jeff Carruth, as an attorney of Reed & Elmquist, P.C. with responsibility for compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals effective January 1, 2001 (the "Guidelines"), do certify that (i) I have prepared and read the Application, and (ii) to the best of my knowledge, information and belief, the compensation and expense reimbursement sought is in conformity with the Guidelines (except as specifically noted in the Application), (iii) the compensation and expense reimbursement requested is in conformity with these Guidelines (except as specifically noted in the Application), and (iv) the compensation and expense reimbursement requested are billed at rates in accordance with Reed & Elmquist, P.C. practices that are no less favorable than those customarily charged by Reed & Elmquist, P.C. and generally accepted by Reed & Elmquist, P.C.'s clients.

I further certify that the Debtor has reviewed and approved for payment the fees and expenses requested in the Application.

Signed: October 21, 2009

*/s/ Jeff Carruth*
Jeff Carruth — SBT #24001846

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2009, the foregoing fee application was served upon the parties shown in the attached service list by regular mail, in addition to notice provided to ECF users who have appeared in the case.

*/s/ Jeff Carruth*
Jeff Carruth — SBT #24001846

Label Matrix for local noticing
0539-3
Case 08-34462-bjh11
Northern District of Texas
Dallas
Wed Oct 21 22:39:26 CDT 2009

Foundation Capital Resources, Inc.
c/o Richard J. Cinclair, Jr.
Thomas, Cinclair & Beuttenmuller
5335 Spring Valley Road
Dallas, TX 75254-3009

Reed & Elmquist, P.C.
604 Water Street
Waxahachie, TX 75165-3256

The Curtis Law Firm, PC
901 Main Street, Suite 6515
Dallas, TX 75202-3782

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

AT&T Mobility
P.O. Box 650553
Dallas, TX 75265-0553

All American Locksmith
1228 W. Scyene Road, Suite 103
Mesquite, TX 75149-3126

American States Insurance Company
4333 Brooklyn Avenue NE
Seattle, WA 98185-0001

Atmos Energy
P.O. Box 650505
Dallas, TX 75265

Atmos Energy Corporation
Attn: Bankruptcy Group
PO Box 650205
Dallas, TX 75265-0205

BMA Systems
1302 Brunner Ave.
Dallas, TX 75224-1227

Balboa Capital Corporation
Attn: Legal Dept
2010 Main Street, 11th Floor
Irvine, CA 92614-7273

Baptist Book Store
426 W. Jefferson Blvd.
Dallas, TX 75208-4692

Chapel Crest Missionary Baptist Church
2629 Morrell Avenue
Dallas, TX 75203-4025

Christopher Spellman
6037 Forest River Drive
Fort Worth, TX 76112-1054

City of DeSoto, Texas
211 E. Pleasant Run Rd.
DeSoto, TX 75115-3901

City of Desoto
c/o Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201-2644

Dallas County
c/o Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201-2644

David Childs Tax Assessor - Collector
500 Elm Street
Records Building
Dallas, TX 75202-3304

DeSoto Janitorial Supply
719 S I35 E. Sr.
DeSoto, TX 75115

Deedra Walker
1210 Cabernet Drive
Allen, TX 75002-0981

Desoto ISD
c/o Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201-2644

Donna Al-Mansour
2311 Salerno Drive
Dallas, TX 75224-2719

Dosoto ISD
c/o Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201-2644

Duncan Disposal
1220 Dowdy Ferry Rd.
Hutchins, TX 75141-4023

Eve Williams
1104 Shadow Wood Trail
DeSoto, TX 75115-7405

Foundation Capital Resources
1661 North Boonville Ave. #G
Springfield, MO 65803-2751

Foundation Capital Resources, Inc.
1661 North Boonville Avenue, Suite I
Springfiled, MO 65803-2751

Johnson Chapel Community Church, Inc.
1400 N. Hampton Rd.
DeSoto, TX 75115-3034

Key Equipment Finance
11030 Circle Point Rd., 2nd Floor
Broomfield, CO 80020-2755

Key Equipment Finance Inc.
Attn: Rita Robles
1000 S. McCaslin Blvd
Superior, CO 80027-9456

L.D. Dabney
1813 Richlen Way
DeSoto, TX 75115-2131

Niva Patel
1813 Richlen Way
DeSoto, TX 75115-2131

Reliant Energy
P.O. Box 3765
Houston, TX 77253-3765

Richard J. Cinclair, Jr.
Thomas, Cinclair & Beuttenmuller
A Professional Corporation
5335 Spring Valley Road
Dallas, Texas 75254-3009

Rucker Lawn Service
833 Tamerisk Drive
Lancaster, TX 75134-2040

The Curtis Law Firm
901 Main Street, Suite 6515
Dallas, TX 75202-3782

The Painted Lady
410 Gingerbread Lane
Waxahachie, TX 75165-1604

Jeffery D. Carruth
Reed & Elmquist, P.C.
604 Water St.
Waxahachie, TX 75165-3256

Melanie Pearce Goolsby
The Curtis Law Firm, PC
901 Main Street, Suite 6515
Dallas, TX 75202-3782

UST U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-1011

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)City of DeSoto

(u)Dallas County

(u)DeSoto ISD

End of Label Matrix
Mailable recipients 40
Bypassed recipients 3
Total 43